George K. Chebat (034232)
**ENARA LAW PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
E-mail: George@EnaraLaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **DJORDJE JOVANOVIC,** individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **SRP INVESTMENTS, L.L.C.** and **STEPHANIE ROSE POLYDOROFF,** individually, and on behalf of all others similarly situated, and **DOES 1 through 10**, inclusive, <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. DJORDJE JOVANOVIC ("Plaintiff') brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SRP INVESTMENTS, LLC and STEPHANIE ROSE POLYDOROFF ("Defendants"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described

1

within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology - for example, computerized calls dispatched to private homes - prompted Congress to pass the TCP A." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838, at* 4 (N.D.111. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, *Mims,* 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered-and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

2

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification o f a TCP A class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC,* _ F.3d , 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

**JURISDICTION AND VENUE**

7. Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiffs claims arise under a law of the United States, the TCPA.

8. Venue is proper in the United States District Court for the District of Arizona pursuant to *28 U.S.C. § 1391(b)(2)* because a substantial portion of the events giving rise to Plaintiffs claims occurred in this District.

**PARTIES**

9. Plaintiff is, and at all times mentioned herein was, a natural person and citizen and resident of the State of Arizona. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a real estate investment company, and is therefore a "person" as defined by 47 U.S.C. § 153(39).

11. The aforementioned Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was

acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff was a citizen of the Maricopa County, State of Arizona. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant SRP Investments, L.L.C. is, and at all times mentioned herein was an Arizona limited liability company licensed to do business, and was and is conducting business in Maricopa County, State of Arizona.

15. Defendant Stephanie Rose Polydoroff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

16. At all times relevant Defendants conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

17. On January 19, 2021, Plaintiff received an unsolicited text message from Defendant on his cellular telephone, number ending in -4013.

18. The text message sent to and received by Plaintiff on January 19, 2021 was sent from the phone number (480) 613-4013

19. The text message sent to and received by Plaintiff read: "How are you Djordje? Sorry to catch you off guard but would you be interested in liquidating any real estate here in Az? Thanks – Kat reply STOP to end."

20. On information and belief, the text messages sent to Plaintiff's cellular telephone were placed by Defendants via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(l) as prohibited by 47 U.S.C. § 227 (b)(l)(A).

4

21. The telephone number that Defendants, or their agents, contacted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and messages pursuant to 47 U.S.C. § 227 (b)(l).

22. The text messages sent by Defendants constituted messages that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(l)(A)(i).

23. Plaintiff was never a customer of Defendants' and never provided his cellular telephone number Defendants for any reason whatsoever. Accordingly, Defendants and their agents never received Plaintiff's prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(l)(A).

24. The text messages sent by Defendants, or their agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

26. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendants which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint through the date of class certification.

27. Defendants, their employees and/or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted

Plaintiff and the Class members via their cellular telephones by sending solicitation text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendants; records and/or Defendants' agent's records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or their agents sent any text messages (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

32. As a person that received multiple text messages without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and Arizona law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCP A, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47U.S.C. §227ET SEQ.**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION
### FOR NEGLIGENT VIOLATIONS OF THE TCPA,
### 47 U.S.C. §227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(l), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCP A,
### 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(l), Plaintiff seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

45.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**RESPECTFULLY SUBMITTED** this 5th day of February 2021.

9

**ENARA LAW PLLC**

By: */s/ George K. Chebat*
George K. Chebat
Attorney for Plaintiff

**ORIGINAL** of the foregoing filed this 5th day of February 2021.

Arizona District Court

*/s/ Shelly N. Witgen, ACP*