Michael C. McKay (Pro Hac Vice)
MCKAY LAW, LLC
5635 N. Scottsdale Rd., Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: mmckay@mckaylaw.us
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Djordje Jovanovic, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SRP Investments, L.L.C.; Stephanie Rose Polydoroff; and Does 1 through 10,<br><br>Defendants. | Case No.: 2:21-cv-00393-JJT<br><br>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>(Oral Argument Requested) |

Defendants SRP Investments, L.L.C. ("SRP") and Stephanie Rose Polydoroff ("Polydoroff") (collectively, "Defendants") move to dismiss plaintiff Djordje Jovanovic's ("Plaintiff") First Amended Complaint pursuant to Federal Rule of civil Procedure 12(b)(6) for its failure to assert a claim. This Motion is supported by the following Memorandum of Points and Authorities. Defendants' Local Rule 12(c) Certificate of Conferral is attached as Exhibit 1.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

1

# MEMORANDUM OF POINTS OF AUTHORITIES

## I. Issue

To state a claim under the Telephone Consumer Protection Act ("TCPA") a plaintiff must allege (1) the defendant called/texted a telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent. *See* 47 U.S.C. § 227(b). Complaints that contain no facts showing defendants made calls/texts using an ATDS do not survive motions to dismiss. Here, Plaintiff's First Amended Complaint contains no facts showing Defendants used an ATDS. Should Plaintiff's First Amended Complaint be dismissed?

## II. Procedural Posture

Plaintiff's original Complaint in this case was filed on March 8, 2021. (Dkt. No. 1.) Defendants moved to dismiss the original Complaint on April 16, 2021. (Dkt. No. 11.) Rather, than substantively respond to the motion to dismiss, Plaintiff filed a First Amended Complaint on May 6, 2021. (Dkt. No. 14.) The First Amended Complaint is almost identical to the original Complaint. The First Amended Complaint suffers from the same fatal flaws as the original Complaint. It appears that Plaintiff cut-and-pasted both complaints from another case. Rather than add actual facts to the First Amended Complaint, Plaintiff added more legal conclusions and boilerplate language to the First Amended Complaint.

## III. Introduction

Plaintiff's First Amended Complaint is brought on behalf of a putative nationwide class. (FAC ¶ 28.) Defendant SRP is an Arizona limited liability company, founded in 2017. (*Id.* at ¶ 14.) Defendant Polydoroff is the only member of SRP. SRP has no employees. SRP has no commercial offices. SRP operates out of Polydoroff's residence. SRP and Polydoroff buy and sell residential homes.

Plaintiff alleges that he received a single text message from Defendants on January 19, 2021 that reads: "How are you Djordje? Sorry to catch you off guard but

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

2

would you be interested in liquidating any real estate here in Az? Thanks – Kat reply STOP to end." (*Id.* ¶ 19.) In response to receiving this single and personalized text message, Plaintiff sued Defendants on a nationwide class basis, and makes a naked allegation – with no supporting facts – that Defendant sent the text message to him using an ATDS. (*Id.* ¶ 20.) The unsupported allegation that Defendants used an ATDS to send Plaintiff a single personalized text message is a mere legal conclusion, which need not be credited as true at this stage. As with any federal pleading, Plaintiff must comport with pleading standards in asserting his TCPA cause of action and cannot simply rely on unsupported legal conclusions when asserting claims against Defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Complaint's allegations are inadequate given the operative pleading standards. Thus, the Complaint should be dismissed.

## IV. Legal Standard

On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the United States Supreme Court has held that satisfying Rule 8(a)(2) requires a plaintiff "to provide the grounds of his entitlement to relief [and] **more than labels and conclusions**, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (emphasis added) (internal quotation marks and citation omitted).

"Factual allegations must be enough to raise the right to relief above the speculative level," and courts considering a motion to dismiss are not bound by a complaint's legal conclusions couched as facts. *Id*. Moreover, under *Twombly*, such fundamental deficiencies "should be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Id*. at 558 (internal quotation marks and citation omitted). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

3

As explained in more detail below, the Court should disregard legal conclusions in assessing whether the Complaint here plausibly states a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *see also Twombly*, 550 U.S. at 555 (on motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks and citation omitted)). Indeed, *Iqbal* authorizes this Court to identify and disregard the Complaint's legal conclusions before conducting plausibility analysis (to ensure that plausibility is tested based only on factual allegations). *See Iqbal*, 556 U.S. at 679; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970-72 (9th Cir. 2009) ("follow[ing] the Court's suggested sequence" in reversing denial of motion to dismiss); *Kwan v. San Medica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679, for proposition that a "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" in affirming dismissal).

**V.   Plaintiff's Complaint Fails to State a Viable Cause of Action**

The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system—
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service,

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

4

or other radio common carrier service, or any service for
which the called party is charged for the call . . .

47 U.S.C. § 227(b)(1)(A)(iii).

ATDS means equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and the ability to dial such numbers. *See* 47 U.S.C. § 227(a)(1). A "random or sequential number generator" refers to the genesis of the list of numbers, not an "order to be called." *See* 47 U.S.C.A. § 227(a)(1); *Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1292 (S.D. Cal. 2014). Further, just days ago the United States Supreme Court held that viable TCPA claims must allege "**in all cases**" that an ATDS with the ability to "use a random or sequential number generator" and be able to dial those numbers was used by defendants. *Facebook, Inc. v. Duguid,* 592 U.S. __ (2021) (Emphasis added).

In the case at bar, Plaintiff's TCPA claims could be viable only if Defendants texted Plaintiff's cellular phone using an ATDS. *See Facebook,* 592 U.S. __ (2021); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); and *see also* 47 U.S.C. § 227(b)(1). But Plaintiff's Complaint contains **no facts** to support his claim that the single isolated text message at issue was placed by Defendants using an ATDS. In fact, the opposite is true. The single text message at issue includes Plaintiff's name. (FAC ¶ 19.) It is a personalized message. (*Id.*) Plaintiff provides no facts that even attempt to explain how he could receive at personalized text message from an ATDS. A fair reading of Plaintiff's Complaint shows only that he has adequately alleged that he received an unsolicited text message from Defendants. But Plaintiff has provided no proper allegations (facts) that the text message was sent using an ATDS. And Plaintiff's allegations suggest the single text message he received was **not** sent using an ATDS because the message was personalized. Additionally, most TCPA cases involve a plaintiff who received a barrage of

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

5

unsolicited calls or texts. But here, there was only a single isolated and personalized text message. The allegation of a single isolated and personalized text message sent by a small business without any employees and run out of Polydoroff's residence also undermines the notion that Defendants used an ATDS to message Plaintiff. In sum, Plaintiff's allegations are not plausible.

Plaintiff does not even pretend to offer facts that Defendants used an ATDS to message him. Plaintiff's Complaint contains only a bare and unsupported legal conclusion that Defendants sent the message using an ATDS based on "**information and belief**." (FAC ¶ 20.) (Emphasis added.) Indeed, Plaintiff's allegation about Defendants' alleged use of an ATDS is contained in only one sentence. The sentence is bereft of any actual facts. It reads:

> **On information and belief**, the text messages [sic – Plaintiff concedes elsewhere in his Complaint there was only a single text message sent, not "messages"], sent to Plaintiff's cellular telephone were placed by Defendants via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

(FAC ¶ 20.) (Emphasis added.) Again, Plaintiff's legal conclusion is not enough. This is especially powerful here given that Plaintiff is suing a local small business that does not have any employees, or resources that could conceivably satisfy any possible class action judgment that might be entered against them.[1] The existing

---

[1] The prudence of Plaintiff suing a small business with relatively few assets on behalf of a nationwide class is questionable at best. Most class action plaintiffs do not pursue expensive class action lawsuits against defendants who lack resources to satisfy any potential class settlements or judgments. But such is the case here. It seems the Complaint is an exercise in futility and waste of Court and party resources.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

6

pleading standards are designed to prevent pleadings – just like the one filed by Plaintiff – from surviving motions to dismiss.

A very similar complaint was filed in *Hensarling v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01555-DAD-SKO (E.D. Cal. Feb. 29, 2016). In *Hensarling*, the court noted that the plaintiff's complaint contained only the legal conclusion that the defendant used an ATDS – very similar to the Plaintiff's Complaint here. The *Hensarling* court granted defendant's motion to dismiss and held the complaint "does not allege facts that allow this court to draw reasonable inference regarding defendant's use of an ATDS." (*Id.*) This Court should do the same here.

The *Hensarling* holding is well reasoned and consistent with opinions issued recently by courts throughout the Ninth Circuit. As claims asserting TCPA violations have become more common in the past few years, courts have routinely found complaints like Plaintiff's are inadequately pled and dismissible under Rule 12(b)(6) when no facts are offered that would make use of an ATDS more likely than not. *See, e.g., Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST, 2016 WL 1169365, at *4 (N.D. Cal. Mar. 24, 2016) ("This conclusory allegation that Facebook used an ATDS is not, without more, sufficient to support a claim for relief under the TCPA."); *see also Weisberg v. Stripe, Inc.*, No. 16-cv-00584-JST, 2016 WL 3971296 (N.D. Cal. Jul. 25, 2016) (dismissing complaint when facts alleged by Plaintiff did not support inference that an ATDS was used in the complained-of calls); *Freidman v. Massage Envy Franchising, LCC*, No. 3:12-cv-02962-L-RBB, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013) (dismissing complaint that did not contain sufficient details to suggest that an ATDS was used); *Daniels v. ComUnity Lending, Inc.*, No. 13-cv-488-WQH-JMA, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014) (dismissing TCPA claims after finding that with insufficient factual allegations regarding the calls at issue: "**It is just as conceivable that the text messages were done by hand, or not using an ATDS**." (emphasis added)).

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

7

TCPA complaints filed in federal court (and in particular, complaints filed on behalf of a putative class) cannot be permitted to proceed when the *Iqbal/Twombly* standards have not been met when asserting that text messages were placed with an ATDS. *See, e.g.*, *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (plaintiff who provided insufficient details to support his belief that a call or message was delivered via ATDS must provide the information within his personal knowledge, "and may not rely on the discovery process to cure such deficiencies in his complaint"); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (the "naked assertion" that messages were sent "using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator . . . need not be taken as true"); *Flores v. Adir Int'l, LLC*, No. 15-cv-00076-AB, 2015 WL 4340020, at *3 (C.D. Cal. July 15, 2015) ("Without more, Plaintiff's conclusory allegation that Defendant used an ATDS is little more than speculation, and cannot support a claim for relief under the TCPA").

## VI. Conclusion

Plaintiff's Complaint contains only a legal conclusion that Defendants used an ATDS when sending him the single, isolated, and personalized text message at issue. Absent the requisite facts, the Complaint fails to state a claim against Defendants for violation of the TCPA. Thus, Defendants request the Court to grant this Motion to Dismiss.

Dated: May 24, 2021              Respectfully submitted,

*/s/ Michael C. McKay*
Michael C. McKay
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85250
Telephone: (480) 681-7000

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

8

Email: mckay@mckay.law
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registered users in this case.

*/s/ Michael C. McKay*

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
*Djorde Jovanovic v. SRP Investments, L.L.C.*, Case No. 2:21-cv-00939-JTT

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28