**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Djordje Jovanovic,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SRP Investments LLC, *et al.*,<br><br>　　　　　Defendants. | No. CV-21-00393-PHX-JJT<br><br>**ORDER** |

At issue is Defendants SRP Investments, LLC and Stephanie Rose Polydoroff's Motion to Dismiss (Doc. 17, Mot.), to which Plaintiff Djordje Jovanovic filed a Response (Doc. 18, Resp.) and Defendants filed a Reply (Doc. 19, Reply).

**I.     BACKGROUND**

On March 8, 2021, Plaintiff filed his original Complaint, bringing a putative class action, alleging Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227. (Doc. 1, Compl.) Defendants thereafter filed their first Motion to Dismiss the Complaint (Doc. 11), citing the precise infirmity at issue in the instant motion—the insufficiency of Plaintiff's allegations that Defendants used an automated telephonic dialing system (ATDS) to text him. In response and pursuant to Rule 15(a)(1)(B), Plaintiff timely filed an Amended Complaint on May 6, 2021. (Doc. 14, Am. Compl.) As Plaintiff notes in his Notice of Filing First Amended Complaint (Doc. 16 at 1), the sole changes to the Amended Complaint—now the operative Complaint—were additional allegations regarding Defendants' use of an ATDS. Defendants thereafter filed the instant second

Motion to Dismiss, arguing that the Amended Complaint fails to remedy the deficiency in allegations regarding use of an ATDS.

Plaintiff alleges that on January 19, 2021, he received an unsolicited text message on his cellular phone from Defendants, sent from the telephone number (408) 613-4013. (Am. Compl. ¶¶ 17-18.) The message read, "How are you Djordje? Sorry to catch you off guard but would you be interested in liquidating any real estate here in Az? Thanks – Kat reply STOP to end." (Am. Compl. ¶ 19.) Plaintiff alleges Defendants sent the text message via an automatic telephone dialing system ("ATDS"), with the capacity to store or produce telephone numbers using a random or sequential number generator and the ability to dial such numbers. (Am. Compl. ¶ 20.) Plaintiff also alleges Defendants utilized an ATDS system with technology integration with public records, like property ownership and cellular telephone number records, allowing the ATDS to send what appeared to be a personalized message that included Plaintiff's first name. (Am. Compl. ¶ 20.) Further, Plaintiff alleges Defendants utilized ATDS with data aggregation technology integration combined with cellular telephone number ownership records to randomly and sequentially send automated text messages with Plaintiff's name. (Am. Compl. ¶ 21.) And Plaintiff alleges Defendant included the words "reply STOP to end" to utilize the automated technology integration. (Am. Compl. ¶ 22.) Finally, Plaintiff states he was never Defendants' customer, did not provide them with his cellular telephone number, and never gave Defendants his express consent to receive unsolicited text messages. (Am. Compl. ¶ 25.)

Plaintiff brings two Causes of Action. First, he claims Defendants negligently violated the TCPA. (Am. Compl. ¶ 40.) Second, Plaintiff claims Defendants knowingly and/or willfully violated the TCPA. (Am. Compl. ¶ 44.) Defendants now move to dismiss the complaint for failure to state a claim for relief. (Mot. at 1.)

**II.   LEGAL STANDARD**

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and

construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III.  ANALYSIS**

Defendants argue that Plaintiff failed to state a claim because he did not allege sufficient facts to show the text message in question was sent by ATDS. (Mot. at 4-5.) Defendants also argue that the inclusion of Plaintiff's name in the message suggests the message was not sent using an ATDS. (Mot. at 5.) In response, Plaintiff, contends his complaint adequately explained how the allegedly personalized message could have been sent by an ATDS and that he stated a viable cause of action. (Resp. at 2.)

Under the TCPA, it is "unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone number

assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The Ninth Circuit has held "that a text message is a 'call' within the meaning of the TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). To state a TCPA claim, a plaintiff must sufficiently allege that: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The United States Supreme Court recently held that ATDS requires "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, --- U.S. ----, 141 S. Ct. 1163, 1173 (2021). This decision abrogated previous Ninth Circuit precedent, which had defined ATDS as "not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includ[ing] devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

This Court has "acknowledged 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and . . . that courts can infer the use of an ATDS from the details of the call." *McCullough v. Maximum Title Loans LLC*, 2019 WL 3933754, at *2 (D. Ariz. Aug. 20, 2019) (internal citations omitted). However, Plaintiff must allege sufficient facts to allow the Court to "reasonably infer" that Defendant used an ATDS. *Flores v. Adir Int'l, LLC*, 685 F. App'x 533, 533 (9th Cir. 2017) (mem. decision). In previous cases, "Courts have considered circumstantial or indirect allegations—such as context of messages, context and manner in which they were sent, frequency of messages, etc.—sufficient to 'raise a reasonable expectation that discovery will reveal evidence of the matter complained of.'" *Jance v. Homerun Offer LLC*, 2021 WL 3270318, at *3 (D. Ariz. July 30, 2021) (quoting *Knutson v. Reply, Inc.*, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011)).

In assessing the plausibility of an ATDS claim, courts consider factors including (1) "the nature of the message" with a generic, impersonal, or promotional message suggesting ATDS; (2) "the number or frequency of messages," with "repetitive messages sent over a short period of time" suggesting ATDS; (3) "[t]he ability to respond to or interact with the text messages (i.e., sending 'Stop');" (4) "the relationship between the parties," with a pre-existing relationship weighing against ATDS; (5) whether identical messages were sent to multiple numbers simultaneously; and (6) whether the message was sent from a SMS short code or long code,[1] with a SMS short code suggesting an ATDS. *Schley v. One Planet Ops Inc.*, 445 F.Supp.3d 454, 459-60 (N.D. Cal. 2020). For example, the Court has found that a plaintiff provided sufficient facts to state a claim for relief when he alleged that he had no prior existing relationship with the defendant and did not consent to be called, the phone numbers from which he received calls were attributable to Voice over Internet Protocol and misleading caller ID, there was a brief pause between answering the call and when the caller started speaking, the calls were generic and did not reference the plaintiff directly, and the calls continued although the plaintiff asked not to be contacted. *Jance*, 2021 WL 3270318, at *1. Similarly, in *Mogadam v. Fast Eviction Service*, the Court held that the plaintiff stated a claim for relief when he received an unsolicited and impersonal text message from a short-code number. 2015 WL 1534450, at *3 (C.D. Cal. Mar. 30, 2015).

Here, the Court finds that Plaintiff fails to state a claim for a violation of the TCPA. While Plaintiff provides some factual support for the use of an ATDS, these allegations are not enough to state a plausible claim for relief. Plaintiff alleges the text message included "reply STOP to end" and that he was never Defendants' customer, never provided his cellular phone number to Defendants, and never gave his prior express consent to receive unsolicited messages. However, these allegations alone are insufficient for the Court to reasonably infer beyond "a sheer possibility" that Defendants used ATDS to send the text

---

[1] SMS stands for "Short Message Service," and refers to standard text messages on cellular devices. An SMS short code is a four to six digit telephone number used only for texting, and most frequently for commercial marketing purposes. SMS long codes are standard ten-digit telephone numbers including an area code, used by individual and business subscribers alike.

message. *Iqbal*, 556 U.S. at 678. When a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff also alleges facts that cut against the inference that Defendants used an ATDS. Most prominently, Plaintiff alleges he received a personalized message that included his first name. Targeted messages "weigh against an inference that ATDS was used." *Suttles v. Facebook, Inc.*, 461 F.Supp.3d 479, 487 (W.D. Tex. 2020) (finding Plaintiff did not sufficiently state a TCPA claim when he alleged that he received text messages addressed to him and named third parties).[2] Additionally, Plaintiff alleges Defendants sent only one unsolicited text message and alleges that the message was sent from a long code phone number. These allegations make it less plausible that Defendants used an ATDS. *See Schley*, 445 F.Supp.3d at 459-60; *Mogadam*, 2015 WL 1534450 at *3 (short code number indicates ATDS). Plaintiff also does not allege that Defendants sent identical messages to multiple numbers simultaneously.

In a similar case, *Freidman v. Massage Envy Franchising, LLC*, the Court held that two plaintiffs failed to state a TCPA claim in a complaint that alleged that they received multiple promotional and impersonal text messages, they had no prior relationship with defendants, and when one plaintiff replied "Stop" and "Remove me," the defendant replied "I am sorry, we did not understand your last message. Help? Reply HELP. Quit?" 2013 WL 3026641 at *1-2 (S.D. Cal. June 13, 2013). Like the plaintiffs in *Freidman*, Plaintiff here received a promotional message with interactive language like "Reply Help" or "reply STOP to end." However, while the plaintiffs in *Freidman* received multiple impersonal messages, Plaintiff here received only one personalized message—and despite the additional facts weighing toward an inference of ATDS in *Freidman*, the court found that the plaintiffs did not sufficiently state a TCPA claim. Thus, considering all facts alleged in

---

[2] Plaintiff posits that Defendants included his name in the message by utilizing ATDS technology integration with public records and mobile number ownership records. However, Plaintiff does not provide factual allegations from which the Court can infer the use of such technology. Plaintiff's theory does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

the complaint, Plaintiff does not allege sufficient facts to allow the court to infer that Defendants used an ATDS.

Because Plaintiff fails to allege sufficient facts to raise a plausible claim that Defendants used an ATDS, the Court will grant Defendants' Motion to Dismiss. Plaintiff already has amended his Complaint once in an attempt to remedy the precise infirmity at issue, but failed to do so, and the Court concludes further amendment would be futile; it thus will dismiss with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IT IS THEREFORE ORDERED** granting Defendants SRP Investment, LLC and Stephanie Rose Polydoroff's Motion to Dismiss (Doc. 17). Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** denying Defendants SRP Investment, LLC and Stephanie Rose Polydoroff's Motion to Dismiss (Doc. 11) as moot.

Dated this 14th day of September, 2021.

Honorable John J. Tuchi
United States District Judge